UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
**RAMON M. CORA**,                                            :
                                                              :
                              Plaintiff,                      :
                                                              :   **MEMORANDUM AND ORDER**
               – against –                                    :   24-CV-327 (AMD) (LB)
                                                              :
**MARY R. LEBRON** AND **HON. SHARON N.**                     :
**CLARKE**,                                                   :
                                                              :
                              Defendants.                     :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On January 11, 2024, the *pro se* plaintiff Ramon Cora brought this action against the

Honorable Sharon N. Clarke, a Brooklyn Family Court judge, and Mary R. Lebron.  (ECF

No. 1.)  His application to proceed *in forma pauperis* is granted.  (ECF No. 2.)  For the reasons

explained below, the action is dismissed.

## BACKGROUND

The plaintiff[1] brings this action based on federal question jurisdiction and asserts claims

for "slander and false police reports for over 20 years."  (ECF No. 1 at 4.)[2]  He alleges that his

ex-wife "keeps on harassing [him]" by "filing a false police report," "hav[ing] [him] arrested,"

and "stating [that he] violated an order of protection," even though he "[has] two that [were]

---

[1] The plaintiff has filed seven other complaints since December 2023.  *See Cora v. Renaissance Men's Shelter et al*, No. 23-CV-9086 (E.D.N.Y. Dec. 7, 2023); *Cora v. Dep't of Homeless Services DSS*, No. 23-CV-9088 (E.D.N.Y. Dec. 7, 2023); *Cora v. Brooklyn Family Court*, No. 23-CV-9508 (E.D.N.Y. Dec. 26, 2023); *Cora v. N.Y.C. Child Support Human Resources*, No. 23-CV-9509 (E.D.N.Y. Dec. 26, 2023); *Cora v. Satul et al*, No. 24-CV-139 (E.D.N.Y. Jan. 5, 2024); *Cora v. Westhab et al*, No. 24-CV-328 (E.D.N.Y. Jan. 11, 2024); *Cora v. Feliciano et al*, No. 24-CV-329 (E.D.N.Y. Jan. 11, 2024).

[2] The plaintiff uses varying capitalization throughout the complaint.  The Court has modified the quotations from the complaint to employ standard capitalization.

dismissed." (*Id.* at 5.)  He alleges that this happened three different times and contends that his

ex-wife is "taking advantage of the system." (*Id.*)

The plaintiff seeks $175,000 in damages for "pain and suffering" and "mental anguish,"

noting that he "could[ not] get a job because of this." (*Id.* at 6.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of the City Sch. Dist. of

N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Although all allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal

conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court's obligation "to

construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the

plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir.

2020) (summary order) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

When a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss

the case at any time if the court determines" that the action "(i) is frivolous or malicious; (ii) fails

to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "An action is 'frivolous' when

either: (1) the factual contentions are clearly baseless, such as when allegations are the product of

delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," i.e., "the

claim lacks an arguable basis in law" or "a dispositive defense clearly exists on the face of the

complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

## DISCUSSION

The plaintiff asserts that the Court has federal question jurisdiction over his claims pursuant to 28 U.S.C. § 1331, which provides that the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). A claim also "may be dismissed for want of subject-matter jurisdiction [because] it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

The plaintiff's claim that Lebron filed false police reports against him does not provide a basis for this Court's federal question jurisdiction. To the extent the plaintiff sues the defendant for allegedly violating his constitutional or civil rights, and liberally construing the plaintiff's complaint as arising under 42 U.S.C. § 1983, the complaint cannot proceed against Lebron. To maintain a Section 1983 action, a plaintiff must show that each defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have

3

been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)); *see also Fabrikant v. French*, 691 F.3d 193, 206–07 (2d Cir. 2012).  The plaintiff has not pled any facts to allege that Lebron acted under color of state law for purposes of Section 1983.  *See Thomas v. Martin-Gibbons*, 857 F. App'x 36, 39 (2d Cir. 2021) (false statements to police by private defendants not sufficient to show state action); *Stephen v. Thrifty*, No. 22-CV-3855, 2023 U.S. Dist. LEXIS 112680, at *5 (E.D.N.Y. June 29, 2023) (same).

Nor does the plaintiff's slander claim provide a basis for federal question jurisdiction. Slander is a claim under state law that cannot be recharacterized as a violation of the Constitution or federal laws.  *Martin v. Brooklyn Eagle Newspaper*, No. 08-CV-2973, 2008 U.S. Dist. LEXIS 58814, at *5 (E.D.N.Y. July 28, 2008) (citing *Sanchez v. Thompson*, No. 07-CV-531, 2007 U.S. Dist. LEXIS 94085, at *11 (E.D.N.Y. Dec. 26, 2007)).

Even if the plaintiff had asserted diversity jurisdiction, the Court still could not adjudicate his claims because the plaintiff and Lebron are New York residents.  *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." (citation omitted)).

The plaintiff makes no factual allegations against Judge Clarke; that alone is a sufficient basis to dismiss the complaint against her.  Even if the plaintiff did make factual allegations against Judge Clarke for her actions as the presiding judge in a Brooklyn Family Court matter, she is absolutely immune from suits for damages arising out of judicial acts performed in their judicial capacities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988).  The absolute judicial immunity of the court and its members "is not overcome by

4

allegations of bad faith or malice," nor can a judge "be deprived of immunity because the act [she] took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (citations omitted).  Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11–12; *see also Almonte v. Law Enf't Agency*, No. 21-CV-8270, 2021 U.S. Dist. LEXIS 217109, at *4–5 (S.D.N.Y. Nov. 5, 2021) (dismissing action where the plaintiff did not allege any facts showing that the judge acted beyond the scope of her judicial responsibilities or outside her jurisdiction).  Accordingly, the action is dismissed as to Judge Clarke.  *See* 28 U.S.C. § 1915(e)(2)(B); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

In light of the Second Circuit's guidance that a *pro se* complaint should not be dismissed without leave to amend unless amendment would be futile, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. The defects in the plaintiff's complaint are substantive and would not be cured on amendment. Accordingly, leave to amend the complaint is denied.

The plaintiff has filed multiple frivolous complaints in this District.  "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations omitted) (cleaned up). The plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking *in*

*forma pauperis* status without leave of the Court.  *See Hong Mai v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (finding that "courts may impose sanctions, including restrictions on future access to the judicial system," in such circumstances (citations omitted)); *Celli v. Engelmayer*, No. 22-CV-04646, 2023 U.S. Dist. LEXIS 53157, at *10–11 (E.D.N.Y. Mar. 28, 2023).

**CONCLUSION**

For these reasons, the plaintiff's action is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  Therefore, *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment dismissing the action, to mail a copy of this Memorandum and Order to the plaintiff, and to note the mailing on the docket.


**SO ORDERED.**

                                                  s/Ann M. Donnelly
                                        _____
                                        ANN M. DONNELLY
                                        United States District Judge


Dated: Brooklyn, New York
            January 26, 2024